IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**ANGEL ROSASVELA**,

    Plaintiff,

v.

**ELMUZA TOWING, LLC,** and **Yasset Elmuza**;

    Defendants.

---

**COMPLAINT**

---

Plaintiff, Angel Rosasvela ("Plaintiff"), sues the Defendants, Elmuza Towing, LLC and Yasset Elmuza (collectively "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Colorado Minimum Wage Act ("CMWA"), Colorado Revised Statutes ("CRS") Title 8, Article 6; and the Colorado Wage Act ("CWA"), CRS § 8-4-101, et seq. for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour

workweeks. See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.     The CMWA, C.R.S. Title 8, Article 6 establishes the law regarding minimum wage within the State of Colorado.

4.     The CWA, CRS § 8-4-101, et seq. establishes the law regarding the payment of wages within the State of Colorado.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Colorado, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all material times, Plaintiff is an individual residing in Jefferson County, Colorado, and is a former employee of Defendant.

8. At all material times, Defendant Elmuza Towing, LLC is a Colorado limited liability company licensed to transact business in the State of Colorado. At all material times, Defendant Elmuza Towing, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Jefferson County, Colorado.

9. At all material times, Defendant Elmuza Towing, LLC does business as "Elmuza Towing."

10. At all relevant times, Defendant Elmuza Towing, LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Elmuza Towing, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Elmuza Towing, LLC is subject to liability under the FLSA.

11. At all material times, Defendant Yasset Elmuza is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Yasset Elmuza is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Yasset Elmuza has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff, Defendant Yasset Elmuza is subject to liability under the FLSA.

13. At all material times, Defendant Elmuza Towing, LLC is an "employer" as defined by The CMWA, C.R.S. Title 8, Article 6.

14. At all material times, Defendant Elmuza Towing, LLC is Plaintiff's "employer" as defined by the CWA, CRS § 8-4-101, et seq.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **NATURE OF THE CLAIM**

20. Defendant owns and/or operates as Elmuza Towing, a Colorado limited liability company that does business in Jefferson County, Colorado.

21. Plaintiff was hired by Defendants to be a tow truck driver and Plaintiff worked for Defendants from approximately June 24, 2020 through June 26, 2020.

22. Defendants, in their sole discretion, agreed to pay Plaintiff 30% of all tows he performed.

23. Plaintiff worked for Defendants for three shifts for a total of approximately 22 hours.

24. After he quit, Plaintiff received a check for approximately $79.00 for all hours that he worked for Defendants.

25. As a result, Plaintiff was only compensated at a rate of $3.59 per hour for all hours worked for Defendants.

26. During the relevant time period, the federal minimum wage was $7.25 per hour.

27. During the relevant time period, Colorado state minimum wage was $12.00 per hour.

28. As a result of compensating Plaintiff at a rate of $3.59 per hour for all hours worked, Defendants failed to pay the applicable minimum wage to Plaintiff.

29. As a result of Defendants' willful failure to compensate Plaintiff at least the full minimum wage for all hours worked, Defendants have violated 29 U.S.C. § 206(a).

30. As a result of Defendants' willful failure to compensate Plaintiff at least the full minimum wage for all hours worked, Defendants have violated the CMWA, C.R.S. Title 8, Article 6.

31. As a result of Defendants' willful failure to compensate Plaintiff at least the full minimum wage for all hours worked, Defendants have violated the CWA, CRS § 8-4-101, et seq.

32. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

33. Defendants have and continue to violate the CMWA, C.R.S. Title 8, Article 6 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

34. Defendants have and continue to violate the CWA, CRS § 8-4-101, et seq. by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

35. Plaintiff is a covered employee within the meaning of the FLSA.

36. Plaintiff is a covered employee within the meaning of the CMWA, C.R.S. Title 8, Article 6.

37. Plaintiff is a covered employee within the meaning of the CWA, CRS § 8-4-101, et seq.

38. Plaintiff was a non-exempt employee.

39. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

40. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

41. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

42. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and reasonable attorney's fees and costs of this action under the CMWA, C.R.S. Title 8, Article 6.

43. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under the CWA, CRS § 8-4-101, et seq.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage for all of the hours that Plaintiff worked for Defendants.

46. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

47. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angel Rosasvela, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: COLORADO MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants willfully failed or refused to pay Plaintiff at leat the applicable minimum wage for all of the hours that Plaintiff worked for Defendants.

50. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the CMWA, C.R.S. Title 8, Article 6.

51. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Angel Rosasvela, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: COLORADO WAGE ACT
## FAILURE TO PAY WAGES OWED

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants willfully failed or refused to pay Plaintiff all wages owed for the hours that Plaintiff worked for Defendants.

54. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates the CWA, CRS § 8-4-101, et seq.

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Angel Rosasvela, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of October, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com